IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV426-03-W
(3:06CR43-2-W)

| | |
|---|---|
| TELISHA WATKINS, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. )<br>_____) | **MEMORANDUM AND<br>ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed September 16, 2008 and Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 1.) For the reasons stated herein, Petitioner's Motion to Vacate will de denied and Petitioner's Motion to proceed In Forma Pauperis will be dismissed as moot.

## I. PROCEDURAL HISTORY

On March 1, 2006, the Petitioner was charged in a two-count Bill of Indictment. Count One charged each defendant with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of cocaine base[1] in violation of 21 U.S.C. §§ 841, 846. Count Two charged each defendant with knowingly and intentionally possessing with intent to distribute the same controlled substances and aiding and abetting in violation of 21 U.S.C. §§ 841, 2. (Case No.

---

[1] The Indictment charged Petitioner with conspiracy to possess with intent to distribute one or more of these drugs.

1

3:06cr43, Doc. No. 20.) On April 28, 2006, the Government filed an § 851 Notice providing notice to the Petitioner that the Government was relying on her prior felony drug convictions for sentencing purposes. On February 6, 2007, Petitioner entered into a written plea agreement with the Government wherein she agreed to plead guilty to Count One and Count Two would be dismissed at the time of sentencing.[2] (Case No. 3:06cr43, Doc. No. 74.) By the terms of the Plea Agreement, the parties stipulated that the amount of mixture or substance containing cocaine base ("crack") that was known to or reasonably foreseeable by the defendant was in excess of 50 grams but less than 150 grams. With respect to the amount of powder cocaine, the parties agreed that the amount that was reasonably foreseeable by the defendant was in excess of 400 grams but less than 500 grams. (Id. ¶ 8(a).) Petitioner expressly waived her right to directly appeal her conviction or sentence, or to collaterally attack those matters on any grounds except ineffective assistance of counsel and/or prosecutorial misconduct. Id. at 5. Also as part of the Plea Agreement, the Government agreed to file an Amended Notice of Enhanced Penalties, pursuant to 21 U.S.C. § 851, alleging only one prior drug conviction. (Id. ¶4)

On the same day, Petitioner appeared before the Court for a Rule 11 Hearing. (Case No. 3:06cr43, Doc. No. 75.) At that hearing, the Magistrate Judge placed Petitioner under oath and then engaged her in a lengthy colloquy to ensure that her guilty plea was being intelligently and voluntarily tendered. Id. After hearing Petitioner's answers to each of its questions, and finding that Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted her guilty plea. Id.. On April 17, 2007, the Government filed an Amended Notice of Enhanced Penalties pursuant to 21 U.S.C. § 851 alleging one prior drug felony conviction. (Case

---

[2] The Court notes that this agreement was the third such agreement filed with the Court.

No. 3:06cr43, Doc. No. 76.)

On October 25, 2007, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which she stipulated that there was a factual basis to support her guilty plea.[3]  However, Petitioner's counsel stressed to the Court that while Petitioner stipulated to the factual basis as outlined in the presentence report ("PSR"), she was not aware, at the time she entered the conspiracy, that crack cocaine was involved.  Counsel explained that she did later become aware that crack cocaine was involved.   In addition, Petitioner affirmed that counsel had reviewed the PSR with her, and she understood the contents of such report.  The Court sentenced Petitioner to 240 months, which is the statutory sentence.

Petitioner did not filed a Notice of Appeal, but instead filed the instant motion on September 12, 2008 in which she claims that her counsel was ineffective.

## II.  ANALYSIS

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  28 U.S. C. §2255.  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.  The

---

[3] The Court notes that it has reviewed a realtime transcript of the Sentencing Hearing that was held on October 25, 2007.  This transcript supports the undersigned's personal recollection of that proceeding.

Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

A. Ineffective Assistance of Counsel

By her motion, Petitioner alleges that she was subjected to ineffective assistance of counsel in that counsel: (1) misled her with regard to the 21 U.S.C. § 851 enhancement; (2) failed to challenge the incorrect amount of powder cocaine listed in the Indictment; and (3) failed to challenge the factual basis for the plea because there was no evidence that she could have known crack cocaine was part of the conspiracy. ( Motion to Vacate at 4-5.)

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra). Under these circum-stances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466

U.S. at 697).

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. See, Hill v. Lockhart, 474 U.S. at 53-59; Fields, supra at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, supra at 475 (quoting Hill, supra at 59); accord Fields, supra at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." Fields, at 1299, (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that she cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, she would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's

5

claim against counsel is doomed by that failure.

Concerning the first alleged failure of counsel, Petitioner argues that her counsel was ineffective for misleading her regarding the § 851 enhancement. She claims that the Government informed her that she was looking at a life sentence. Petitioner is correct in that she was facing a life sentence based on the original § 851 Notice which included three prior felony convictions. (Case No. 3:06cr43, Doc. No. 38.) However, as part of the plea agreement, the Government agreed to amend the § 851 notice to include only one prior felony conviction which reduced the statutory sentence to twenty years as opposed to life. (Case No. 3:06cr43, Doc. No. 74, ¶ 4.) Indeed, the Government complied with its obligations under the Plea Agreement by filing an Information on April 17, 2007 listing one prior felony conviction on October 25, 1991 (Case No. 3:06cr43, Doc. No. 76.) This was spelled out during the Sentencing Hearing. Indeed, at the Sentencing Hearing, Petitioner's counsel spoke at length with the Court regarding Petitioner's Guideline Sentence, noting, however, that he and Petitioner understood that the statutory sentence outweighs the Guideline Sentence.

It is not at all clear how Petitioner believes her counsel misled her regarding the § 851 Notice. If anything, Petitioner's Plea Agreement, in which the Government agreed to file an amended §851Notice, resulted in Petitioner receiving a significantly lower statutory sentence than she would have under the originally filed § 851 Notice. Petitioner has not established either prong of the Strickland test and her claim must fail.

Next, Petitioner contends that her counsel was ineffective for failing to challenge the incorrect amount of cocaine listed in her Indictment. She contends that "[t]he indictment should have been [a] concise and definite written statement of the essential facts. Amont [sic] of

6

powder cocaine listed in the indictment was incorrect." (Motion to Vacate at 4.) First, Petitioner does not state what the correct amount of cocaine should have been. Further, she stipulated, as part of her Plea Agreement, that the amount of powder cocaine that was reasonably foreseeable by her was in excess of 400 grams but less than 500 grams. (Case No. 3:06cr43, Doc. No. 74, ¶ 8(a).) Moreover, Petitioner stipulated at her Sentencing Hearing that the PSR contained the factual basis for her guilty plea. According to the PSR, Petitioner was responsible for 427.8 grams of powder cocaine which is more than 400 grams but less than 500 grams and is consistent with her Plea Agreement. Petitioner was then sentenced on an amount of power cocaine that was consistent with the quantity of power cocaine to which she pled.

The fact that the quantity of power cocaine alleged in the Indictment was more than the quantity to which she pled and was sentenced is of no consequence.[4] Petitioner has not established deficiency nor prejudice for her alleged claim of ineffective assistance of counsel. Therefore, her claim must fail.

Finally, Petitioner contends that her counsel was ineffective because there was no evidence introduced to support that she could have known crack cocaine was part of the conspiracy. Petitioner is incorrect. The transcript of the Sentencing Hearing makes clear that Petitioner's counsel objected to the factual basis as spelled out in the PSR on the basis that at the time Petitioner entered the conspiracy, she was not aware that crack cocaine was involved. Counsel stressed that Petitioner later became aware of the crack cocaine but it was not at time she

---

[4] The Indictment alleged that Petitioner was responsible for at least 50 grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack and at least 500 grams of a mixture and substance containing a detectable amount of cocaine.

entered the conspiracy.  The Court accepted counsel's amendment to the factual basis for Petitioner's plea, but noted that Petitioner acknowledged that at some point during the course of the conspiracy, she realized that crack was also part of the conspiracy.  The Court concluded that Petitioner's realization that crack was a part of the conspiracy was sufficient for meeting the elements of the charge to which she pled.

The record makes clear that Petitioner's counsel did bring to the Court's attention the fact that Petitioner was not initially aware that crack cocaine was part of the conspiracy, but that she became aware of the crack cocaine at some point during the conspiracy.  Therefore, Petitioner's counsel was not deficient.  Moreover, Petitioner suffered no prejudice because, as the Court stated, the fact that she became aware of the crack at some point during the conspiracy was sufficient for meeting the elements of the charge to which she pled.  Therefore, Petitioner's claim of ineffective assistance of counsel must fail.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED that the Petitioner's motion to vacate, set aside or correct sentence pursuant** 28 U.S.C. §2255 is hereby **DENIED**.  Petitioner's motion to proceed in forma pauperis is dismissed as moot because § 2255 motion's do not require a filing fee.

**SO ORDERED.**

Signed: October 14, 2008

Frank D. Whitney
United States District Judge